IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WILLIAM T. DIVANE, JR.,            )
KENNETH J. BAUWENS,                )
MICHAEL J. CADDIGAN,               )
LARRY CRAWLEY,                     )   Civil Action No.: 07 C 0567
SAMUEL EVANS,                      )
TIM FOLEY,                         )   Suzanne B. Conlon, Judge
TOMAS C. HALPERIN,                 )
DANIEL MEYER,                      )
KEVIN O'SHEA,                      )
and MICHAEL L. WALSDORF as the     )
ELECTRICAL INSURANCE TRUSTEES      )
                                   )
                       Plaintiffs, )
                                   )
    v.                             )
                                   )
MITCHELL SECURITY SYSTEMS, INC.,   )
                                   )
                       Defendant.  )

**MEMORANDUM OPINION AND ORDER**

Plaintiffs, trustees of a collective bargaining agreement between the Electrical Contractors' Association of the City of Chicago and the International Brotherhood of Electrical Workers Local 134 ("IBEW Local 134"), brought this Employment Retirement Income Security Act of 1974 ("ERISA") action against Mitchell Security Systems, Inc. ("Mitchell Security") for unpaid fringe benefit contributions. Following a bench trial, the court entered judgment for plaintiffs, awarding them $12,527.66 in contributions, liquidated damages, and audit fees. Plaintiffs seek $27,152.50 in attorneys' fees and $1,049.10 in costs under Fed. R. Civ. P. 54(d)(2)(A) and (B) and Local Rule 54.3. For the reasons stated below, plaintiffs' request is granted in part.

**I.    LEGAL STANDARD**

Plaintiffs are entitled to reasonable attorneys' fees and costs under Section 502(g)(2)(D) of ERISA because they prevailed in this delinquent contribution action. 29 U.S.C. § 1132(g)(2)(D). An award of attorneys' fees under this section is non-discretionary. *Plumbers' Pension Fund v. Domas Mech. Contractors, Inc.*, 778 F.2d 1266, 1271 (7th Cir. 1985); *Laborers' Pension Fund v. Blackmore Sewer Const., Inc.*, 298 F.3d 600, 608 (7th Cir. 2002).

In determining reasonable attorneys' fees, the starting point is the "lodestar" analysis: that is, the number of hours reasonably expended by plaintiffs' attorneys multiplied by their reasonable hourly rates. *People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1310 (7th Cir. 1996); *see also Dutchak v. Central States, Southeast and Southwest Areas Pension Fund*, 932 F.2d 591, 596 (7th Cir. 1991) ("[c]alculation of the lodestar is the starting point for any award of attorneys' fees. It represents the number of hours reasonably expended multiplied by the appropriate hourly rate"). The court may increase or reduce the lodestar calculation based on consideration of a variety of factors, including plaintiffs' degree of success, *see, e.g., Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 550 (7th Cir. 1999), and the relationship between the lodestar amount and the damages awarded. *See, e.g., Moriarty v. Svec*, 233 F.3d 955, 967-68 (7th Cir. 2000) (while there is no rule requiring that a reasonable attorney's fee be no greater than some multiple of the damages claimed or recovered, "proportionality concerns are a factor in determining what a reasonable attorney's fee is").[1] Plaintiffs bear the burden of proving that the hours and rates for the fees requested are reasonable. *Spegon*, 175 F.3d at 550.

## II. DISCUSSION

---

[1] While Mitchell Security seeks a reduction of the fee request based on various considerations, it does not argue that fees should be reduced because they are disproportionately large when compared to the amount of plaintiffs' recovery.

## A. Attorneys' Fees

Plaintiffs provide a detailed billing statement explaining that their attorneys and staff expended approximately 124.75 hours on this matter. Plaintiffs claim a $220.00 to $240.00 hourly rate for their attorneys and a $30.00 to $40.00 hourly rate for their paralegal and law clerk. Although the billing statements outline the number of hours spent on various tasks, plaintiffs do not offer any documentation in support of the reasonableness of the rates claimed for each attorney. Nevertheless, Mitchell Security does not challenge plaintiffs' fee rates. The court finds that the billing rates are reasonable. *People Who Care*, 90 F.3d at 1313; *see also Heavens v. Golfview Estates, Inc.*, Nos. 96 C 1294, 96 C 1318, 1997 WL 156486, at *2 (N.D. Ill. Mar. 31, 1997) (Williams, J.).

Mitchell Security generally objects to plaintiffs' fee request on equity grounds, arguing plaintiffs unfairly characterize Mitchell Security's post-judgment conduct, particularly during settlement negotiations. This argument has no bearing on the court's analysis, as plaintiffs have prevailed in this litigation, entitling them to reasonable fees under ERISA. 29 U.S.C. § 1132(g)(2)(D); *see also Dugan v. R.J.Corman Co.*, No. 00 C 4114, 2004 WL 816762, at *1-2 (N.D. Ill. Mar. 10, 2004) (Kocoras, J.) (equity concerns do not negate fact that plaintiffs are entitled to fees under § 502 of ERISA).

Mitchell Security also challenges the reasonableness of plaintiffs' fees by advancing 39 objections to individual billing entries. Mitchell Security argues the fee request should be reduced because billing entries reflect: (1) excessive hours; (2) hours expended on matters unrelated to this case; and (3) inflated hours to punish Mitchell Security. Def. Opp. at 3.

### 1. *Excessive Hours*

3

Mitchell Security argues plaintiffs' counsel spent excessive time preparing a first draft of the pretrial order. According to Mitchell Security, counsel spent 8.75 hours drafting a pretrial order that is nothing more than recitations of plaintiffs' complaint, plaintiffs' Rule 26 disclosures, and the underlying insurance trust agreement. *See* Def. Opp. Ex. A. Regardless of Mitchell Security's characterization of the quality of the draft pretrial order, the billing statements reveal that the 8.75 hours were also expended on other tasks, such as drafting the trial brief, making phone calls, reviewing documents, and replying to a motion to bar evidence. *See* Pls. Mot. Ex. 2 at 11-13. Due to plaintiffs' block billing, it is impossible to ascertain the exact number of hours counsel spent on drafting the pretrial order. Regardless, 8.75 hours spent on each of the identified tasks are not unreasonable on their face.

Mitchell Security contends counsel spent excessive time reviewing a court order denying Mitchell Security's motion to stay on April 30, 2007. Counsel billed one hour to reviewing the order, docketing discovery and trial dates, and reviewing the court's standing orders. Pls. Mot. Ex. 2 at 7. One hour devoted to reviewing an extended minute order and the court's standing orders appears unreasonable. As a result, time billed to this entry is reduced in half to $110.00.

Mitchell Security objects to 4.5 hours spent preparing a summary judgment motion (3 entries on 5/16/07, 6/18/07, and 6/20/07), which was never filed. Indeed, plaintiffs do not explain why the summary judgment motion was never filed, nor the basis for the motion. As a result, the fee award is reduced by 4.5 hours, or an amount of $990.00. *See, e.g., Trustees of the Chi. Plastering Inst. Pension Trust v. Cork Plastering, Inc.*, No. 03 C 6867, 2008 WL 728897, at *5 (N.D. Ill. Mar. 18, 2008) (M.J. Schenkier) (reducing fees for a motion that was never filed).

Mitchell Security argues that between August 30, 2007 and September 12, 2007, plaintiffs' counsel excessively billed 12.75 hours (5 entries) to reviewing and amending the pretrial order that Mitchell Security previously objected to. In the block bills cited by Mitchell Security, however, the 12.75 hours of work were also devoted to tasks including trial and exhibit preparation, trial brief preparation, meetings and discussions with opposing counsel, telephone calls, court appearances, and legal research. *See* Pls. Mot. Ex. 2 at 13-15. Counsel's billing of 12.75 hours for these tasks over a five day period do not appear excessive, given the numerous tasks identified in the billing statements. These bills are not unreasonable.

Mitchell Security objects to time spent on plaintiffs' fee petition. In particular, Mitchell Security objects to 2.5 hours spent on October 31, 2007, for research concerning attorneys' fees under ERISA, drafting a joint statement of fees and costs, drafting a letter to opposing counsel, and reviewing fee documents. Time expended in preparing and litigating the fee petition may be included in a fee award as long as the time is reasonable. *See Cork Plastering, Inc.*, 2008 WL 728897, at *6 (citations omitted). Here, 2.5 hours spent on preparing plaintiffs' fee petition is not unreasonable.

Mitchell Security argues plaintiffs' counsel excessively billed 2 hours for two court appearances where counsel discovered the case was not on the court's call. On November 15 and November 21, 2007, counsel billed time for appearing in court only to find that the case was not on the call. On both days counsel notified the other parties that the case was not on the call. Counsel could have easily called chambers to ascertain whether the case was on the call on both days. *See* Case Management Procedures, *available* at

http://www.ilnd.uscourts.gov/home/Print_JudgePage.aspx. Accordingly, two hours of time, amounting to $440.00, is reduced from plaintiffs' fee award.

Mitchell Security disputes whether counsel reasonably billed 1.75 hours (2 time entries on 10/30/2007 and 11/2/07) to filing a citation to discover Mitchell Security's assets. Sixteen days after the court's October 15, 2007 judgment, plaintiffs filed a citation to discover Mitchell Security's assets. Dkt. No. 42 (Oct. 31, 2007). Mitchell Security argues this citation was premature, as it still had thirty days to file a notice of appeal, and had no intention of hiding its assets. Notwithstanding this assertion, fees for work related to the citation is reasonable. Mitchell Security filed a National Labor Relations Board ("NLRB") charge against IBEW Local 134 contending that it was not liable for fringe benefit contributions. Def. Mot. to Stay ¶ 4. Plaintiffs were reasonably concerned that Mitchell Security would continue to avoid paying fringe benefit contributions. What is more, even after Mitchell Security's bank account was frozen, the company made no effort to arrange to pay the judgment. As a result, plaintiffs moved for a turnover order on November 13, 2007. The motion was granted on November 28, 2007. Accordingly, it was not unreasonable for counsel to spend minimal time on issuing a citation to discovery Mitchell Security's assets.[2] Fees are not reduced on this ground.

### 2. *Hours Unrelated to This Case*

Mitchell Security objects to a number of bills because they do not relate to plaintiffs' collection efforts. Mitchell Security identifies twelve billing entries (dated 3/16/07 - 8/17/07, totaling 13 hours) that detail work concerning Mitchell Security's NLRB charge against IBEW

---

[2]According to the time entries identified, counsel spent 1.75 hours on the citation *and* fee-related work.

Local 134. Mitchell Security asserts that because the status of the NLRB claim was unrelated to this case, billing entries that refer to the NLRB claim are unreasonable. This argument lacks merit.

When Mitchell Security filed its NLRB charge against IBEW Local 134, it sought to stay *these* proceedings because the NLRB claim might determine "whether or not the fringe benefits which are claimed to be owed are in fact properly sought by IBEW Local 134." Def. Mot. to Stay ¶ 4. The court denied the motion to stay on April 26, 2007. Prior to the court's ruling, eight time entries reflect that counsel researched the NLRB proceeding's effect on this case in order to oppose the motion to stay. *See* Pl. Mot. Ex. 2 at 4, 5, 7. Mitchell Security's own motion to stay therefore required that counsel assess the merits of the NLRB proceeding. *See, e.g., Cork Plastering, Inc.*, 2008 WL 728897, at *5 (where new issues arose during the case, attorneys' fees devoted to those issues were recoverable).

Moreover, the record indicates that in preparation for trial, plaintiffs adopted a theory that the NLRB proceedings could have a preclusive effect in this case. *See* Pls. Trial Br. at 5. Accordingly, counsel's billing records indicate 3.25 hours were spent discussing and researching whether this theory was valid. Pls. Mot. Ex. 2 at 12-13. Contrary to Mitchell Security's assertions, time entries referring to the NLRB action are reasonable because they relate to plaintiffs' collection efforts. *Cf. Free v. Briody*, 793 F.2d 807, 809 (7th Cir. 1986) (fees may be awarded where expenses were incurred in collection efforts).

Mitchell Security disputes the reasonableness of seven time entries (3/5/2007 - 12/6/07) billed to investigating whether Mitchell Security paid its 2006-07 contributions. Mitchell

7

Security argues that time devoted to these activities are unrelated to this case – the collection of 2004-05 delinquent contributions. This argument is unpersuasive.

Plaintiffs' initial March 5, 2007 billing entry (referring to a 2006 audit) indicates that counsel contemplated amending their pleadings to incorporate results of the 2006 audit. *See* Pls. Mot. Ex. 2 at 4. Had audits or plaintiffs' investigation uncovered that Mitchell Security was delinquent in its contributions for 2006 or 2007, plaintiffs could have amended the pleadings to collect these unpaid contributions. Unpaid contributions through the entry of judgment were therefore relevant to this litigation. *Stone v. Chicago Builders and Erectors, Inc.*, 764 F. Supp. 516, 518-19 (N.D. Ill. 1991) (Rovner, J.) (plaintiff entitled to additional award of attorneys' fees expended in collection process where plaintiff failed to comply with ongoing responsibility to make monthly contributions). Time investigating Mitchell Security's continued obligations in this collection process are recoverable and consistent with ERISA's mandate to "discourage delinquencies and simplify delinquency collection." *See generally Iron Workers Mid-America Pension Fund v. Imperial Glass Structures, Inc.*, No. 92 C 6380, 1993 WL 372203, at *3 (N.D. Ill. Sept. 21, 1993) (Kocoras, J.) (citation omitted).

Mitchell Security objects to two billing entries (11/30/07 and 12/4/07; .75 hours total) related to work done to ensure that Mitchell Security had a surety bond in place. Mitchell Security contends this work is unrelated to this case. However, plaintiffs unequivocally assert in their complaint that Mitchell Security was in contravention of the collective bargaining agreement by failing to have a fringe benefit bond in place. Compl. ¶¶ 12-19. Therefore, whether Mitchell Security had a surety bond is relevant.

### 3. *Hours Inflated To Terminate Miller's Union Membership*

Finally, Mitchell Security argues plaintiffs inflated their legal fees in order to expel Mitchell Miller, Mitchell Security's principal, from participating in the union. This argument is misplaced. The legal entries identified by Mitchell Security (12/7/07 and 12/10/07; 1.25 hours total) indicate that counsel assessed how Mitchell Security might be sanctioned if it continued to ignore its ERISA obligations. *See* Pls. Mot. Ex. 2 at 23. The time entries do not show that plaintiffs intended to cast Miller out of the union. Rather, the underlying action involved a hard-fought battle to recover delinquent ERISA contributions.

### B. Non-Taxable Costs

Plaintiffs must "furnish the evidence that will be used to support the related nontaxable expenses sought by this motion." L.R. 54.3(d)(3). The court has broad discretion in determining costs. *Majeske v. City of Chi.*, 218 F.3d 816, 824 (7th Cir. 2000) (citation omitted). Plaintiffs seek non-taxable costs of $1,049.10, and attach supporting documents. However, plaintiffs' claim for "fees for service of summons and subpoena" does not correspond with the attached documents. The costs are reduced by $10.00 to $1,039.10.

## III. CONCLUSION

For the reasons stated above, plaintiffs' fee petition is granted in part. Plaintiffs are awarded $25,712.50 in attorneys' fees and $1,039.10 in costs.

ENTER:

April 7, 2008

Suzanne B. Conlon
United States District Judge